**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DIONE WELLS,                          )
                                      )
    Appellant-Defendant,              )
                                      )
        vs.                      )      No. 49A02-1306-CR-512
                                      )
STATE OF INDIANA,                     )
                                      )
    Appellee-Plaintiff.               )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Barbara C. Crawford, Judge
Cause No. 49F09-1210-FD-70604

**January 14, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

## STATEMENT OF THE CASE

Dione Wells appeals her conviction for theft, a Class D felony. Ind. Code § 35-43-4-2 (2009). We affirm.

## ISSUE

Wells raises one issue, which we restate as: whether there is sufficient evidence to sustain her conviction.

## FACTS AND PROCEDURAL HISTORY

On October 11, 2012, Wells and three other women entered a Walmart store in Marion County. Walmart employee Marcus Shields watched the sales floor through a video surveillance system, and he saw Wells and her companions enter an aisle that contained baby care accessories. Shields saw Wells pick up several items, including a box with blue and green markings. Wells later transferred some of the items to one of her companions, each of whom had large purses, as they walked through the store. Shields called the police.

The store's surveillance system recorded the four women. One of the recordings, captioned "14.15.10_15.04.19," shows Wells carrying several small items in her arms as she and her companions walked into the clothing area of the store. State's Ex. 1. They gathered near a clothes rack. There, Wells was observed handing over some store merchandise to one of her companions, who concealed it in a purse in Wells' presence. Further, Wells admitted on direct examination that items were taken from her hand and concealed in a purse in her presence.

2

Eventually, the four women walked past the checkout area, without purchasing anything, and attempted to leave. A Walmart employee and a police officer detained them. The women were taken to the store's loss prevention office. The three large purses were searched, which revealed Walmart merchandise for which none of the women had paid. Shields recognized among the merchandise a box with blue and green markings that resembled the one he had watched Wells pick up earlier.

The State charged Wells with Class D felony theft. Her case was tried to the bench. After the presentation of evidence, the court determined that Wells was guilty as charged. At the sentencing hearing, the court granted Wells' request for alternative misdemeanor sentencing, entered a judgment of conviction as a misdemeanor, and sentenced her accordingly. This appeal followed.

DISCUSSION AND DECISION

Wells argues that there is insufficient evidence to show that she took Walmart's merchandise. When reviewing a challenge to the sufficiency of the evidence underlying a criminal conviction, we neither reweigh the evidence nor assess the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). The evidence and all reasonable inferences drawn from it are viewed in a light most favorable to the judgment. *Id.* We affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

In order to obtain a conviction for Class D felony theft, the State is required to prove beyond a reasonable doubt that a person (1) knowingly or intentionally (2) exerted

3

unauthorized control (3) over property of another person (4) with intent to deprive the other person of any part of its value or use. Ind. Code § 35-43-4-2.

Wells notes that none of the stolen merchandise was found on her person. She further claims that the evidence is insufficient to sustain her conviction as an accomplice. Under the theory of accomplice liability, "A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense." Ind. Code § 35-41-2-4 (1977). The accomplice liability statute does not set forth a separate crime, but merely provides a separate basis of liability for the crime that is charged. *Cowan v. State*, 783 N.E.2d 1270, 1276 (Ind. Ct. App. 2003), *trans. denied*. One may be charged as a principal in committing a crime, but be convicted upon evidence that he or she aided the actual perpetrator. *Coleman v. State*, 952 N.E.2d 377, 382 (Ind. Ct. App. 2011).

In determining whether a person aided another in the commission of a crime, our Supreme Court has long considered the following four factors: (1) presence at the scene of the crime; (2) companionship with another engaged in criminal activity; (3) failure to oppose the crime; and (4) a defendant's conduct before, during, and after the occurrence of the crime. *Berry v. State*, 819 N.E.2d 443, 450 (Ind. Ct. App. 2004), *trans. denied*.

In this case, Wells entered the Walmart with her three companions, and they remained together for the most part as they moved through the store. Shields watched Wells pick up several items, move to a different section of the store, and transfer them to her companions, each of whom carried large purses. Wells conceded at trial that she had picked up some merchandise and that one of her companions took it from her hand. The four women tried to leave the store without paying for anything. After they were

4

detained and searched, several items of Walmart merchandise for which the women had not paid were recovered from their large purses, including a blue and green box that resembled one that Shields had watched Wells pick up. A reasonable trier of fact considering this evidence could have found Wells guilty of theft as an accomplice beyond a reasonable doubt.[1]

Wells argues that Shields' observations were merely his opinions. She also argues that the video recordings show her placing a small box back onto the shelf, which she claims establishes that she did not transfer anything to her companions. These arguments amount to requests to reweigh the evidence, which our standard of review forbids.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

BARNES, J., and BROWN, J., concur.

---

[1] The State contends there is also sufficient evidence to sustain Wells' conviction as a principal, not an accomplice. We need not address this contention.